S. Samuel Di Falco, S.
In this accounting proceeding the court is asked to determine the disposition of a terminated trust set up by the testator for the life of his wife. The remainder is disposed of by paragraph Eleventh as follows: ‘ ‘ Eleventh : Upon the death of my said wife, the trust hereinbefore created and set aside for her benefit shall cease and terminate and the principal thereof, or in the event that she should predecease me, then upon my death my said residuary estate I do give, devise and bequeath equally, share and share alike, per stirpes, and not per capita, to my sisters, emma loengard and clora soundhexm and my said niece, helen renskorf lighten, or to their lawful issue, in the event that either of my said sisters or my said niece should predecease my wife leaving lawful issue surviving at such respective times, to be their own property absolutely and forever, free of any trust.”
*674 The wife died in 1959. Of the parties set forth nominatum, only the niece survived the life beneficiary. The remainderman Emma Loengard was survived by a son, her only issue. The remainderman Clara Sondheim died leaving no issue. The question for the court is whether or not the one-third interest of Clara Sondheim constituted a vested remainder and is, therefore, distributable to her estate.
The rule is that the courts, if possible, will construe the language of a will, so as to accomplish the vesting of an estate. Such a result is preferred because among other things, it enables property to be freely transferred at the earliest possible moment. Therefore, the courts have restricted defeating events to the exact circumstances specified. Here we find that two eventualities were required to defeat the estate of a named remainder-man. Only one of these circumstances has occurred. The remainderman left no issue. A reading of the entire will leads the court to the conclusion that the testator intended a gift of a vested remainder, and that the one-third share of Clara Sondheim should be paid to her estate. (Matter of Krooss, 302 N. Y. 424.) Submit decree settling account accordingly.